UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND ADAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES,<br><br>        Defendant. | Case No. 2:24-cv-00555-KJM-JDP (PS)<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED AND PLAINTIFF BE GIVEN LEAVE TO AMEND HIS COMPLAINT<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS<br><br>ECF No. 4 |

On January 17, 2024, plaintiff Roland Adams filed an action for products liability against Defendant Abbott Laboratories in Sacramento County Superior Court. Defendant moves to dismiss the complaint on the grounds that it fails to state a claim and to conform to federal pleading standards under Federal Rules of Civil Procedure 12(b)(6) and (8). I agree and recommend that the complaint be dismissed with leave to amend.

**Background**

Plaintiff filed a Judicial Council Form Complaint against defendant in the Sacramento Superior Court. ECF No. 1 at 13. On the form complaint, plaintiff checked boxes indicating that he is asserting claims of strict products liability, negligence, and breach of implied warranty. *Id.* at 15-16. Plaintiff identifies the product as "Libre 3 Sensor" and states that he was injured on

1

1   December 11, 2022.  Plaintiff has checked boxes for loss of property use, hospital and medical
2   expenses, property damage, pain and suffering, anxiety, and emotional distress, and seeks
3   $10,000,000 in compensatory damages.  *Id.* at 15.

### Legal Standards

5   "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable
6   legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v.*
7   *Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  To survive a motion to dismiss for failure to state
8   a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."
9   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when a
10  plaintiff "pleads factual content that allows the court to draw the reasonable inference that the
11  defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

12  In deciding motions under Rule 12(b)(6), the court generally considers only allegations
13  contained in the pleadings, exhibits attached to the complaint, and matters properly subject to
14  judicial notice, and construes all well-pleaded material factual allegations in the light most
15  favorable to the nonmoving party.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710 F.3d
16  946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  In certain
17  circumstances, the court may also consider documents referenced in but not included with the
18  complaint, or that form a basis of plaintiff's claims.  *See United States v. Ritchie*, 342 F.3d 903,
19  907 (9th Cir. 2003).

### Discussion

21  The complaint alleges three causes of action: strict products liability, negligence, and
22  breach of warranty.  None of the claims are sufficient as pled, but because amendment may not be
23  futile, I recommend that the complaint be dismissed with leave to amend.

24  "California recognizes strict liability for three types of product defects—manufacturing
25  defects, design defects, and warning defects."  *Lucas v. City of Visalia*, 726 F. Supp. 2d 1149,
26  1154 (E.D. Cal. 2010) (citing *Anderson v. Owens-Corning Fiberglas Co.*, 53 Cal. 3d 987, 995,
27  281 Cal.Rptr. 528, 810 P.2d 549 (1991)).  Plaintiff fails to put forward sufficient factual
28  allegations under any of these theories.

1   To allege manufacturing defect, a plaintiff "must identify/explain how the [product] deviated from other seemingly identical [products]." *Lucas*, 726 F. Supp. 2d at 1155 (quoting *Barker v. Lull Engineering Co.*, 20 Cal.3d 413, 430, 143 Cal.Rptr. 225, 573 P.2d 443 (1978)). "A bare allegation that the [product] had 'a manufacturing defect' is an insufficient legal conclusion." *Id.* (quoting *Iqbal*, 556 U.S. at 677-79). Here, the only allegations in the complaint are that plaintiff purchased a Libre 3 Sensor, used it in the manner intended by defendant, and suffered an injury. Plaintiff's allegation that the product harmed him does not identify or explain how the product deviated from other seemingly identical products. Accordingly, the complaint does not state a claim under a manufacturing defect theory.

A design defect may be shown through the consumer expectations test, when the product "fail[s] to perform as safely as its ordinary consumers would expect when used in an intended or reasonably foreseeable manner." *Lucas*, 726 F. Supp. 2d at 1154. Alternatively, a design defect can be established under the risk-benefit test, when "the design embodies 'excessive preventable danger,' that is, the risk of danger inherent in the design outweighs the benefits of such design." *Id.* The complaint alleges no facts in support of either test. The complaint neither states how the product was unsafe when used as intended or in a reasonably foreseeable manner nor does it show that the product was designed in such a manner that the product's inherent danger outweighed the benefits of its design.

To establish strict liability on a failure to warn theory, the plaintiff "must include factual allegations that explain how the subject warning is inadequate." *Id.* at 1156. The complaint contains does not identify any warnings that were not given or describe how the failure to warn caused plaintiff's injuries.

To plead a claim for negligence, a plaintiff must show a defect that caused the injury complained of, and that the defect was caused by the defendant's negligence. *Merill v. Navegar, Inc.*, 26 Cal. 4th 465, 479 (2001). The complaint's only factual allegations are those used to support the strict products liability theory. A negligence claim cannot be inferred from mere factual allegations that a defect in the product caused plaintiff's injury, or that a defect was caused

by defendant's negligence. The complaint therefore fails to state a claim for negligent. Because amendment may not be futile, I recommend dismissal with leave to amend.

To allege express breach of warranty, a plaintiff must plead (1) the exact terms of the warranty; (2) plaintiff's reasonable reliance; and (3) breach of that warranty; (4) which proximately caused plaintiff's injury. *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986). To satisfy the first element, the plaintiff must "'identify a specific and unequivocal written statement' about the product that constitutes an 'explicit guarantee[ ].'" *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1092 (N.D. Cal. 2017) (citation omitted). The complaint failed to allege the terms of any warranty or plaintiff's reasonable reliance on such warranty. Because this claim is not futile, I recommend that it be dismissed with leave to amend.

Accordingly, it is RECOMMENDED that defendant's motion to dismiss, ECF No. 4, be granted and plaintiff be granted thirty days to amend his complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE