UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND ADAMS, | Case No.  2:24-cv-0555-DC-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ABBOTT LABORATORIES, | |
| Defendant. | |

Plaintiff Roland Adams, proceeding pro se, brings this action for product liability against defendant Abbott Laboratories.  Defendant moves for a third time to dismiss the complaint on the basis that it fails to state a claim.  For the reasons stated below, I recommend that defendant's motion be granted and that the complaint be dismissed without leave to amend.

Plaintiff alleges that he used the Freestyle Libre 3 sensor—manufactured by defendant—one time on December 11, 2022.  ECF No. 43 at 2.  This sensor is intended to help monitor an individual's glucose level.  *Id*.  Plaintiff followed the sensor's instructions and placed the sensor near the back of his upper arm.  *Id*.  Shortly after doing so, he noticed blood on his shirt and the sensor.  *Id*.  The incident caused plaintiff pain and emotional distress.  *Id.* at 3.

1

Plaintiff alleges that his injury was a result of defendant's defective manufacturing of the sensor and its failure to adequately warn against the risk of bleeding. *Id.* at 3-4. He claims that the sensor had not been altered, misused, or tampered with before he applied it to his skin and that defendant knowingly permitted the defective sensor to enter the market. *Id.*

**Legal Standards**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding motions under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). In certain circumstances, the court may also consider documents referenced in but not included with the complaint, or that form a basis of plaintiff's claims. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

**Discussion**

The parties are familiar with the history of this action, but it is worth noting that defendant has successfully moved to dismiss the complaint twice, and plaintiff is now on his third amended complaint. Defendant moves to dismiss under much the same bases as raised in its prior motion, as plaintiff's allegations remain largely unchanged. The second amended complaint alleges the same three causes of action: strict products liability, negligence, and breach of implied warranty of merchantability. ECF No. 43; *see* ECF No. 18. I will address each in turn.

2

Strict Products Liability: Design Defect

Plaintiff has advanced a theory of design defect. *See* ECF No. 43 at 4. Defendant asserts three independent arguments for why plaintiff's strict product liability design defect claim fails. As before, defendant argues: first, that California does not recognize a design defect claim for prescription medical devices. ECF No. 44 at 9-10. Second, that plaintiff has not alleged that there was an actual defect in the design of the product. *Id.* at 10-11. And, finally, that plaintiff has not plausibly alleged a design defect under either the Risk Benefit Test or the Consumer Expectations Test. *Id.* at 11-13. In response, plaintiff asserts that the court should address the issue of federal preemption of his claims and decide whether the court's granting of the prior motion to dismiss warrants reversal.[1] ECF No. 45.

The court's inquiry into the viability of this claim need not be lengthy: California prohibits strict liability claims based on a theory of design defect against manufacturers of *prescription* medical devices. *See Garrett v. Howmedica Osteonics Corp.*, 214 Cal. App. 4th 173, 182 (2013) (recognizing "an exemption from design defect strict products liability for all implanted medical devices that are available only through the services of a physician"). The court has notified plaintiff of this very real limitation to his claim. *See* ECF 34 at 4 (The court's March 24, 2025 findings and recommendations state: "[o]f particular relevance here, California law precludes strict liability predicated on a theory of design defect against manufacturers of prescription medical devices."). Plaintiff has previously claimed that the product was prescribed to him by his physician, ECF No. 18 at 2, and that the user manual, ECF No. 44-2 at 5, states that "[f]ederal law restricts this device to sale by or on the order of a physician."[2] Despite the court's

[1] Crucially, plaintiff's complaint does not allege any violations of federal law and only alleges claims under state law. *See generally* ECF No. 43. To be sure, plaintiff initially filed this action in state court—alleging the same state claims as presented here. He also notes in his complaint that this court's jurisdiction is not derived from federal question, but rather from the diversity of the parties. Even if plaintiff had asserted federal claims under the Medical Device Amendments ("MDA") to the Food, Drug, and Cosmetics Act, the MDA does not create a private right of action and any action to enforce FDA requirements to a pre-market authorized device must be by and in the name of the United States. *See* 21 U.S.C. § 337(a); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001). The court is not moved by plaintiff's last-ditch efforts to properly plead his claims.

[2] The Court of Appeals has held that courts can "consider certain materials—documents

3

notice, plaintiff has neither disputed it nor offered any alternative argument. Plaintiff's claim could be dismissed without leave to amend on that basis alone, *see Fussy v. RTI Surgical*, 1:21-cv-01397-DAD-BAK, 2022 WL 1122615, at *3 (E.D. Cal. Apr. 14, 2022) (dismissing strict liability design defect claim for a prescribed medical device); *Bigler-Engler v. Breg, Inc.*, 7 Cal. App. 5th 276, 316-18 (Cal. Ct. App. 2017) (holding that a strict liability claim for design defect is not precluded under California law if the defendant is a seller of medical devices rather than a provider of medical services), however, the court, as it has before, will address defendant's remaining arguments.

Defendant next argues that plaintiff's design defect fails because the complaint is silent as to any purported defect of the product. Plaintiff alleges that the product's design was unreasonably dangerous because it "could penetrate or irritate vascular tissue." ECF No. 43 at 3. However, plaintiff does not identify the alleged defect in the product's design and how it caused his injury. Alleging the existence of a defect and its causal connection to an injury without identifying the defect itself is insufficient to allege a design defect claim. *See DeCoteau v. FCA US LLC*, 2015 WL 6951296 at *4, No. 2:15-cv-0020-MCE-EFB (E.D. Cal. 2015) (dismissing a design defect claim because the plaintiff merely alleged that the device had a defect and was responsible for their injuries without identifying what the defect was). Because plaintiff's claim lacks sufficient detail, his strict liability design defect claim fails.

Finally, were the court to put aside the above, plaintiff's claim would fail because he has not alleged that a design defect has met either the Consumer Expectations Test or the Risk-Benefit Test. *See Soule v. Gen. Motors Corp.*, 8 Cal. 4th 548, 566-67 (1994); *see also Lin v. Solta Med., Inc.*, 760 F. Supp. 3d 926, 941 (N.D. Cal. 2024). The Consumer Expectations Test considers whether the product "fail[s] to perform as safely as its ordinary consumers would expect when used in an intended or reasonably foreseeable manner." *Lucas v. City of Visalia*, 726

---

attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. The complaint references and relies on the product's user manual, ECF No. 43 at ¶¶ 7, 10, 13, 17, 21, therefore the court will consider the manual in its analysis.

4

F. Supp. 2d 1149, 1154 (E.D. Cal. 2010).  Alternatively, the Risk-Benefit Test considers whether "the design embodies 'excessive preventable danger,' that is, the risk of danger inherent in the design outweighs the benefits of such design." *Id.*

Plaintiff fails to satisfy the requirements of the Consumer Expectations Test because he does not allege how an ordinary consumer would expect the sensor to function when used in a reasonably foreseeable way.  *See Lucas* F. Supp. 2d at 1154.  In addition, plaintiff fails to satisfy the requirements of the Risk-Utility Test because he does not indicate whether the risk of the design outweighs the benefits it provides.  *See id*.  Instead, plaintiff makes conclusory and overbroad allegations stating that he expected the sensor to be "safe," "free from dangerous defects," and that it "posed an unreasonable risk of bleeding when applied as intended."  ECF No. 43 at 3-4.  These allegations are insufficient to show how an ordinary consumer would expect the sensor to function, and why the risks of it causing bleeding might outweigh the benefits of a machine that helps diabetics monitor glucose levels.  For all of the above reasons, this claim fails.

### Strict Products Liability: Manufacturing Defect

Defendant argues that plaintiff's strict liability manufacturing defect claim fails because plaintiff does not explain how the sensor deviated from defendant's intended design or whether the sensor he used worked differently than defendant intended.  ECF No. 44 at 14.  In addition, defendant argues that plaintiff fails to allege facts in support of his claim that the alleged manufacturing defect was a "substantial factor" in causing his arm to bleed.  *Id*.  Other than plaintiff's preemption argument discussed above, plaintiff does not substantively respond to defendant's arguments.  *See generally* ECF No. 45.

Under California law, a manufacturing defect occurs when the product "differs from the manufacturer's intended result or from other ostensibly identical units from the same product line[,]" *Barker v. Lull Eng'g Co.*, 20 Cal.3d at 429 (1978), and the alleged defect causes the plaintiff's injury, *Soule*, 8 Cal.4th at 559.

Plaintiff fails to allege a claim under California's manufacturing defect law.  Plaintiff states in a conclusory fashion that the unidentified defects were a substantial factor in causing his injury, yet he provides no allegations about how his product differed from the manufacturer's

5

intended result or other identical products. *See generally* ECF No. 43. These conclusory allegations, without more, are insufficient to plead a strict liability claim for a manufacturing defect. *See Twombly*, 550 U.S. at 555-56 (The court "does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."); *see also Weaver v. Ethicon, Inc.*, 737 F. App'x 315, 317 (9th Cir. 2018) (finding that the district court did not error when it dismissed plaintiffs' manufacturing defect claim because they failed to allege "(1) factual, non-conclusory support for the claim that Weaver's doctor used a recalled Surgiflo pack or (2) the nature of the manufacturing defect"). As such, plaintiff's claim fails.

Strict Liability: Warning Defect

Defendant argues that plaintiff's strict liability claim for warning defect fails for three reasons: the claim is barred by the learned intermediary doctrine, plaintiff fails to allege causation on behalf of the prescribing physician, and defendant provided adequate warning of the risk of bleeding and provided instructions in the user manual. ECF No. 44 at 14-15. As before, other than plaintiff's preemption argument discussed above, plaintiff does not substantively respond to defendant's arguments. *See generally* ECF No. 45.

Under California law, strict liability applies to manufacturers of all products "for failure to warn of known or reasonably scientifically knowable risks that we previously applied specifically to manufacturers of prescription drugs." *Carlin v. Superior Crt.*, 13 Cal. 4th 1104, 1109 (1996). A strict liability cause of action "require[s] a plaintiff to prove only that the defendant did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution." *Id*. at 1112.

Plaintiff alleges that defendant's instructions and labeling provided inadequate warning concerning the risk of bleeding and injury.[3] ECF No. 43 at 4. Plaintiff's claim fails because defendant provided adequate warnings in the user manual. Specifically, the manual warns of possible bruising or bleeding resulting from using of the sensor. ECF No. 44-2 at 24, 103

---

[3] Because plaintiff does not dispute the validity of the user manual provided at ECF No. 44-2, as noted above, the court will consider it.

("Applying the Sensor may cause bruising or bleeding."). As such, plaintiff has not shown that defendant failed to warn him of the risk of the exact injury he suffered, and his warning defect claim fails.

Negligence

Defendant argues that the complaint fails to allege that the device contained any kind of defect resulting from defendant's negligent conduct, and that plaintiff has not alleged any facts establishing a breach of a duty of care by defendant. ECF No. 44 at 16. Defendant contends that plaintiff fails to allege the existence of a defect under a negligence theory for the same reasons he fails to allege the existence of a defect under a theory of strict liability. *Id.*

A negligence claim under California law requires a plaintiff to allege that the defendant "owed [the plaintiff] a legal duty, breached the duty, and that the breach was a proximate or legal cause of [the plaintiff's] injury." *Gonzalez v. Autoliv ASP, Inc.*, 154 Cal. App. 4th 780, 793 (2007). "In the context of a products liability lawsuit, [u]nder a negligence theory, a plaintiff must also prove . . . that the defect in the product was due to negligence of the defendant." *Id.* (quoting *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 479 (2001)) (quotations omitted).

Here, the complaint fails to allege that the sensor contained a defect. As discussed above, the complaint makes conclusory allegations and fails to adequately plead the existence of a design, manufacturing, or failure-to-warn defect. Since the negligence claim lacks an identified defect, which is a necessary element for a products liability negligence claim, this claim fails.

Even if the court were to accept that plaintiff had properly alleged the existence of a defect in the sensor, he fails to allege facts supporting a breach of a duty defendant owed him. The complaint alleges that defendant owed a duty to exercise reasonable care in the design, manufacture, testing, marketing, and labeling of the sensor. ECF No. 43 at 5. In so doing, plaintiff sufficiently alleges that defendant owes him a duty of care. *See Bettencourt v. Hennessy Indus., Inc.*, 205 Cal. App. 4th 1103, 1118 (Cal. Ct. App. 2012) ("Under established California law, a manufacturer already owes a duty of care to foreseeable users of its product."). But he fails to allege that defendant breached that duty. Plaintiff claims that defendant breached its duty by failing to adequately test for safety, implement sufficient quality control, investigate and correct

7

adverse event reports, or provide adequate warnings and instructions, but these are conclusory assertions without any factual allegations.  These are, again, merely broad conclusory allegations devoid of factual support required under Rule 8.  *See Twombly*, 550 U.S. at 555-56.  As such, this claim fails.

<u>Breach of Implied Warranty of Merchantability</u>

Defendant argues that plaintiff's breach of implied warranty claim fails for three independent reasons: the product's disclaimer bars plaintiff's claim, plaintiff fails to allege that the sensor lacked a minimal level of quality, and plaintiff fails to allege vertical privity as required by California law.  ECF No. 44 at 16-17.

Under the implied merchantability warranty, "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." *Brand v. Hyundai Motor Am*., 226 Cal. App. 4th 1538, 1545 (Cal. Ct. App. 2014), as modified on denial of reh'g (July 16, 2014) (quoting Cal. Civ. Code § 1792).  The warranty "arises by operation of law" and therefore applies despite its omission from a purchase contract. *Id*.  Merchantability means that the goods "[p]ass without objection in the trade under the contract description," and are "fit for the ordinary purposes for which such goods are used." *Id*. (quoting Cal. Civ. Code § 1791.1(a)).

Plaintiff's merchantability warranty claim fails because he does not allege that the sensor was unfit for its ordinary purpose.  While plaintiff alleges that the sensor caused him injury, he fails to allege that it was unfit for its ordinary purpose or that he has some objection to it under the contract description.  Instead, plaintiff merely alleges that the sensor "was not of merchantable quality because it caused bleeding and injury when used as intended."  ECF No. 43 at 6.  This allegation does not provide sufficient allegations regarding why the sensor was not of merchantable quality and is conclusory. *See Gutierrez v. Carmax Auto Superstores California*, 19 Cal. App. 5th 1234, 1248 (Cal. Ct. App. 2018) (finding that the plaintiff's allegations of a breach of the merchantability warranty because the product was "not fit for its intended use," without supporting facts, were insufficient).

Moreover, this claim fails because the complaint does not allege that privity exists between plaintiff and defendant. "Under California law, the general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale." *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1236 (N.D. Cal. 2012) (internal quotation marks omitted) (citing *Burr v. Sherwin Williams Co.*, 42 Cal. 2d 682, 695 (1954)). "A buyer and a seller stand in privity if they are in adjoining links of the distribution chain"; "[t]hus, an end consumer . . . who buys from a retailer is not in privity with the manufacturer." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (citing *Osborne v. Subaru of Am. Inc.*, 198 Cal. App. 3d 646, 656 n.6, (1988)).

**Conclusion**

I recommend that the second amended complaint be dismissed without leave to amend. The complaint is plagued by the same deficiencies noted in prior court orders, and plaintiff has already been given multiple opportunities to amend. At this point, I find that granting plaintiff another opportunity to amend would not cure the current complaint's deficiencies. I therefore recommend dismissal without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

Accordingly, it is RECOMMENDED that defendant's motion to dismiss, ECF No. 44, be GRANTED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     March 17, 2026       _____
                                JEREMY D. PETERSON
                                UNITED STATES MAGISTRATE JUDGE